IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | | |
|---|---|---|
| ISMAEL CRESPO, as Next of Kin of MAURIS CRESPO, deceased, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No.: 2:19-CV-00104 Judge Waverly D. Crenshaw, Jr. |
| vs. | ) ) | Magistrate Judge Alistair Newbern |
| WHITE COUNTY, TENNESSEE; *et al.*, | ) ) | JURY DEMANDED |
| *Defendants*. | ) ) | |

## ANSWER

White County, Tennessee, Steve Page, Jacob Duke and Kyle Meyer (collectively "Defendants") answer the Complaint filed against them as follows:

### INTRODUCTION

1. Paragraph 1 of the Complaint does not contain any allegations that require a response. To the extent a response is required, Defendants acknowledge that Plaintiff brings action under section 1983 but deny liability or that their actions or inactions contributed to Crespo's death.

2. Paragraph 2 of the Complaint does not contain any allegations that require a response. To the extent a response is required, Defendants deny Plaintiff is entitled to recover any damages.

### JURISDICTION AND VENUE

3. Defendants admit that this Honorable Court has subject matter jurisdiction.

4. Defendants admit venue is proper.

5. Defendants admit that this Honorable Court may exercise jurisdiction over the state law claims but reserve the right to request that the Court refuse to exercise such jurisdiction.

## PARTIES

6. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in the first, second and last sentences of Paragraph 8 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit Sheriff Page is a white male resident of White County, Tennessee and as elected sheriff he is a policy maker for the sheriff's department. Defendants admit that Sheriff Page was acting under color of state law. Defendants acknowledge that Sheriff Page is sued in his individual capacity but deny liability. The remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

## FACTS

12. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 13 of the Complaint.

14. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit that White County 911 received a call of a suspicious male fitting the description set out in Paragraph 16 who was wandering around the street.

17. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants admit the allegations contained in the first sentence of Paragraph 22 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny that Crespo initially stopped when asked to stop, but he eventually did. Defendants admit that Crespo told Sheriff Page, "Hey, I know you." Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit that Sheriff Page ordered that Crespo put his hands behind his back. The remaining allegations in Paragraph 25 of the Complaint are denied.

26. Defendants admit that Crespo had not committed any violent acts in their presence. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants did not know whether Crespo was armed with any weapons, although ultimately none were found on him. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that Duke told Crespo that he was not under arrest when they first instructed him to put his hands behind his back, he was just being detained. Defendants admit that Crespo made comments like he was not doing anything but will rely upon the video and audio evidence for an accurate summation of what was said and when.

30. Defendants admit that when Crespo refused to voluntarily put his hands behind his back, Defendants attempted to handcuff him. Defendants admit that Crespo pulled away and resisted the lawful attempts to restrain him. The remaining allegations contained in Paragraph 30 of the Complaint are denied.

31. Defendants admit that Crespo made comments like he was not doing anything but will rely upon the video and audio evidence for an accurate summation of what was said and when.

32. Defendants deny that Crespo was face down in a ditch, although he rolled on his stomach with his hands underneath him several times in order to prevent handcuffs from being applied. Defendants deny that Crespo's hands were "trapped."

33. Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that Crespo reacted to being drive-stun tasered but this not prevent him from resisting. Defendants admit that Crespo made comments like he was not doing

anything and yelling for help, but Defendants will rely upon the video and audio evidence for an accurate summation of what was said and when.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that Crespo made comments like he was not doing anything and yelling for help, but Defendants will rely upon the video and audio evidence for an accurate summation of what was said and when.

38. Defendants admit that Meyer attempted to deploy his taser on more than one occasion but it misfired on at least one occasion.

39. Defendants admit that Sheriff Page observe the struggle. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit that Crespo was dry-stunned with a taser and a mandibular pressure hold was used, both to no affect. Defendants admit that at one point they had one handcuff on Crespo.

43. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 43 of the Complaint. Defendants will rely upon the video and audio evidence for an accurate summation of what was said and when.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that at one point Crespo was in a sitting position while handcuffed. Defendants deny the remaining allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 48 of the Complaint. Defendants will rely upon the video and audio evidence for an accurate summation of what was said and when.

49. Defendants lack information or knowledge sufficient to admit the allegations contained in Paragraph 49 of the Complaint. Defendants will rely upon the video and audio evidence for an accurate summation of what was said and when. Defendants did not observe any injuries from the car wreck and Crespo's struggle and strength suggested he was not injured.

50. EMS was told to meet the officers at the sheriff's department.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit the allegations contained in the first sentence of Paragraph 53 of the Complaint. Defendants admit that knee strikes were used to get Crespo to release Deputy Lawrence and that Crespo's hands were handcuffed.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants admit the allegations contained in the first two sentence of Paragraph 57 of the Complaint. Defendants deny the remaining allegations in Paragraph 57.

58. Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants admit that Crespo kicked the windows of the patrol car but deny that Plaintiff knows what his intentions were.

63. Defendants admit the allegations contained in Paragraph 63 of the Complaint.

64. Defendants admit the allegations contained in the first two sentences of Paragraph 64 of the Complaint. Defendants admit that a video tape shows Crespo talking while in the patrol car, Defendants did not hear this at the time.

65. Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66. Defendants admit the allegations contained in Paragraph 66 of the Complaint.

67. Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68. Defendants admit the allegations contained in Paragraph 68 of the Complaint.

69. Defendants admit the allegations contained in Paragraph 69 of the Complaint.

70. Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72. Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 73 of the Complaint.

74. Defendants submit that the autopsy report speaks for itself and deny any allegations that are inconsistent with what is stated therein.

75. Defendants submit that the autopsy report speaks for itself and deny any allegations that are inconsistent with what is stated therein.

76. Defendants submit that the autopsy report speaks for itself and deny any allegations that are inconsistent with what is stated therein.

77. Defendants lack knowledge or information sufficient to admit the allegations contained in Paragraph 77 of the Complaint.

## CLAIMS FOR RELIEF

### Count I
### Violation of Civil Rights Pursuant to 42 U.S.C. § 1983

78. No response is necessary.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. While generally true, clearly established rights are not defined at such a high level of generality. Defendants deny that they violated any clearly established right.

82. While generally true, clearly established rights are not defined at such a high level of generality. Defendants deny that they violated any clearly established right.

83. Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants admit the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants admit the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint.

## Count II
## Violation of Civil Rights Pursuant to 42 U.S.C. § 1983
## Deliberate Indifference

96. No response is necessary.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Complaint.

100. Defendants admit the allegations contained in paragraph 100 of the Complaint.

101. Defendants admit the allegations contained in paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 of the Complaint.

103. The WCSO use-of-force policy speaks for itself.

104. Defendants deny the allegations contained in paragraph 104 of the Complaint.

105. Defendants admit that Crespo yelled help, but Defendants did not believe that this was for a medical emergency. Defendants interpreted the yelling as asking others to help prevent the officers from placing him in handcuffs or to otherwise aid him in resisting detention.

106. Defendants admit that EMS was told to meet them at the sheriff's department.

107. Defendants deny the allegations contained in paragraph 107 of the Complaint.

108. Defendants deny the allegations contained in paragraph 108 of the Complaint.

109. Defendants deny the allegations contained in paragraph 109 of the Complaint.

## Count III
## Failure to Intervene

110. No response is necessary.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in paragraph 112 of the Complaint.

113. Defendants deny the allegations contained in paragraph 113 of the Complaint.

114. Defendants deny the allegations contained in paragraph 114 of the Complaint.

115. Defendants deny the allegations contained in paragraph 115 of the Complaint.

### Count V [sic]
### Municipal and Supervisory Liability.

116. No response necessary.

117. Defendants deny the allegations contained in paragraph 117 of the Complaint.

118. Defendants deny the allegations contained in paragraph 118 of the Complaint.

119. Defendants deny the allegations contained in paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in paragraph 120 of the Complaint.

121. Defendants deny the allegations contained in paragraph 121 of the Complaint.

122. Defendants admit the allegations contained in paragraph 122 of the Complaint.

123. Defendants deny the allegations contained in paragraph 123 of the Complaint.

124. Defendants admit that while Meyer has been written up for violating policy or procedure, he was never written up for excessive force or allegedly violating anyone's rights.

125. Defendants deny the allegations contained in paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in paragraph 127 of the Complaint.

### Count VI [sic]
### State Law Claims
### Wrongful Death

128. No response is necessary.

129. Defendants admit the allegations contained in paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in paragraph 133 of the Complaint.

134. Defendants deny the allegations contained in paragraph 134 of the Complaint.

135. Defendants deny the allegations contained in paragraph 135 of the Complaint.

136. Defendants deny the allegations contained in paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in paragraph 139 of the Complaint.

## COUNT VIII
## T.C.A. § 8-8-302 et seq.

140. No response necessary.

141. Defendants deny the allegations contained in paragraph 141 of the Complaint.

## DAMAGES

142. No response is necessary.

143. Defendants deny the allegations contained in paragraph 143 of the Complaint.

144. Defendants deny the allegations contained in paragraph 144 of the Complaint.

145. Defendants object to Plaintiff reserving the right to establish damages until trial; Rule 26 of the Federal Rules of Civil Procedure requires an itemization of damages be provided at the outset of litigation.

146. Defendants deny all allegations in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to dismissal, at least in part, pursuant to Rule 12 of the Federal Rules of Civil Procedure. Specifically, but without limitation, the official capacity claims are superfluous to the

claims brought against White County and should be dismissed. Plaintiff has failed to establish the use of force on a resisting individual was excessive. Plaintiff has also failed to establish municipal liability under *Monell* and its progeny. Plaintiff has failed to establish that Defendants were deliberately indifferent to a serious medical need.

       2.      Page, Duke and Meyer assert the affirmative defense of qualified immunity.

       3.      Defendants assert the Tennessee Governmental Tort Liability Act as a defense to this action, including all limitations and immunities set forth therein.

       4.      Crespo's cause of death was due to his own actions, including ingesting drugs, and nothing Defendants did caused or contributed to his death. Defendants were not aware that Crespo had a serious medical condition/emergency that required treatment. At all times, Defendants' actions were reasonable.

**Defendants demand a jury to try this cause.**

                                      Respectfully Submitted By,

                                      **THE ORTALE KELLEY FIRM**

                                      */s/ Michael T. Schmitt*
                                      Michael T. Schmitt, BPR #026573
                                      *Attorney for Defendants*
                                      330 Commerce Street, Suite 110
                                      Nashville, TN  37201
                                      mschmitt@ortalekelley.com
                                      615-256-9999
                                      615-726-1494 (facsimile)

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 28, 2020 a true and exact copy of this Answer has been sent via electronic mail through the Court's CM/ECF system to:

Richard M Brooks
130 Third Avenue West
Carthage, TN 37030
*Attorneys for Plaintiff*

_____
Michael T. Schmitt